IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ALEXANDER, | No. C 13-4652 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| K. CHAPPEL, | (Docket No. 4) |
| Respondent. | |

**INTRODUCTION**

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board"). He has applied for leave to proceed in forma pauperis.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

1  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
2  court must "specify all the grounds for relief which are available to the petitioner ... and shall
3  set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of
4  the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not
5  sufficient, for the petition is expected to state facts that point to a 'real possibility of
6  constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
7  688, 689 (1st Cir. 1970)).

**B.  LEGAL CLAIMS**

Petitioner's first two claims contend that he was denied due process because the Board's denial of parole was not supported by sufficient evidence of his current dangerousness. For purposes of federal habeas review, the federal constitutional right to due process entitles a California only to "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. Petitioner does not dispute that he received an opportunity to be heard and a statement of the reasons parole was denied. The constitution does not require more. *Ibid.* The court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. As the Supreme Court has determined that due process does not require that there be any amount of evidence to support the parole denial, petitioner's due process claims fail.

Petitioner also claims that the Board violated his rights under the Ex Post Facto Clause by applying Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," to him. This issue is presently before Ninth Circuit in a pending case. *Burnight v. Swarthout*, Case No. 11-16062; *see also Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105 (9th Cir. 2011). Accordingly, it cannot be said that this claim is without merit, and an order to show cause will issue on this claim.

2

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

3. Respondent may file, within ninety-one days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. The application to proceed in forma pauperis (docket number 4) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October   30  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3