IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ALEXANDER,<br><br>    Petitioner,<br><br>  v.<br><br>K. CHAPPEL,<br><br>    Respondent._____ / | No. C 13-4652 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket No. 8) |

**INTRODUCTION**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging the denial of parole by the California Board of Parole Hearings ("Board"). Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed a reply brief. The motion is ready for decision.

**ANALYSIS**

The statute of limitations is codified at 28 U.S.C. 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C.

2244(d)(2).

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole denial became final. *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). Here, the Board denied parole on December 29, 2009, and the decision became final 120 days later on April 28, 2010 (Pet. Exh. A at 86). The statute of limitations therefore began to run the next day and expired one year later, on April 28, 2011. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method" under which the expiration date of the limitation period will be the same date as the triggering event but in the following year). The instant petition is deemed filed on September 22, 2013, the date it was signed and deposited in the prison mail system (Pet. 25), or approximately two years and five months after the limitation period expired. Absent tolling, therefore, the instant petition is untimely.

The one-year statute of limitations is tolled under Section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Further, the limitation period is tolled both while a petition for collateral review is pending in a California courts and also during the gaps between petitions filed at successively higher levels of the California court system, provided that the petition was timely under California law and was not delayed "unreasonably." *Evans v. Chavis*, 546 U.S. 189, 197 (2006).

When petitioner filed his first state habeas petition on April 16, 2011, a petition to the superior court, the limitation period had nearly run out; it had been running for 353 days and only 12 days remained. Petitioner proceeded through the three levels of the California courts until his final state habeas petition was denied by the California Supreme Court on June 26, 2013. Petitioner did not file any further state habeas petitions. Thus, the limitation period resumed running and expired 12 days later, on July 8, 2013. Petitioner did not file the instant

1  federal petition until September 22, 2013, approximately two and a half months after that.  Put
2  differently, even tolling the limitation period under Section 2244(d)(2) for the entire 26-month
3  period from the filing of the first state petition to the denial of the last state petition, this would
4  still fall over two months short of the amount of tolling that petitioner needs to render his
5  petition timely.

6  Petitioner argues that the limitations should be tolled or delayed for approximately four
7  months while he waited to receive a corrected transcript of the parole hearing, between April
8  29, 2011 and August 26, 2011.  Petitioner asserts that he needed the revised hearing transcript
9  in order to prepare and file his petition.  "[A] 'petitioner' is 'entitled to equitable tolling' only if
10 he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
11 circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 130 S. Ct.
12 2549, 2560 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)).  The prisoner
13 also must show that the extraordinary circumstances "were the cause of his untimeliness."
14 *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  He has not identified what inaccuracies
15 there were in the original transcript, much less has he identified any inaccuracies that needed to
16 be corrected to pursue his federal habeas claim.  His only viable federal claim is that the Board
17 violated his ex post facto rights by deferring his next parole hearing for ten more years.  The
18 original transcript, which petitioner had when the Board's decision became final on April 28,
19 2010, reflected this deferral (Resp. Exh. 3).  His claim does not depend on anything else in the
20 hearing transcript, nor does he ever cite the hearing transcript to support his claim.  Therefore,
21 when the Board's decision became final on April 29, 2010, petitioner had everything he needed
22 to pursue his federal ex post facto claim.  The delay in providing him a revised transcript does
23 not warrant equitable tolling because any inaccuracies in the transcript did not prevent him from
24 pursuing his federal ex post facto claim.

25 Petitioner's alternative arguments that poor conditions at his prison between November
26 2011 and March 2012, and the California Court of Appeal's delays in deciding his habeas
27 petition, between September 2011 and April 2013, need not be reached because the foregoing
28 analysis already assumes tolling during that entire period of time.

3

Petitioner has not shown grounds for equitable tolling, and the tolling under Section 2244(d)(2) is insufficient to render the petition timely. Petitioner has not provided any other basis for excusing the petition's untimeliness. Accordingly, the petition will be dismissed as untimely,.

**CONCLUSION**

Respondent's motion to dismiss (dkt. 8) is **GRANTED**. The petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition as untimely debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August  14 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4